IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NORTHEAST TEXAS ELECTRIC COOPERATIVE, INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 2:22-cv-00497-RWS-RSP |
| SOUTHWESTERN ELECTRIC POWER COMPANY, | § § § § | |
| *Defendant.* | § § | |

**ORDER**

Plaintiff Northeast Texas Electric Cooperative, Inc. ("NTEC") previously filed an Emergency Motion for Preliminary and Permanent Injunction (Docket No. 13). In its motion, NTEC sought to preclude Defendant Southwestern Electric Power Company ("SWEPCO") from taking any further actions before the Public Utilities Commission of Texas ("PUCT") and any other regulatory body concerning SWEPCO's acquisition of three renewable electric generation facilities ("Renewable Facilities"). According to NTEC, SWEPCO violated Section 6.02 of a SWEPCO-NTEC Power Supply Agreement ("PSA") by failing to advise NTEC of its plan to acquire the Renewable Facilities. The Magistrate Judge conducted a hearing and entered a Report and Recommendation ("R&R") (Docket No. 40) recommending that the Court deny NTEC's motion. NTEC filed objections (Docket No. 46) to the R&R, alleging it contains clear legal and factual error.

I.      **Likelihood of Success on the Merits**

First, NTEC asserts it satisfied its burden of showing a likelihood of success on the merits because its view is supported by a plain reading of the relevant language in Section 6.02 and the

history of dealings between the parties. Docket No. 46 at 2. In its objections, NTEC splits its likelihood of success argument into two sections: (1) notice; and (2) option to participate. *Id.* at 2, 7.

Starting with notice, NTEC misunderstands the R&R and reiterates that the term "advise" requires more than just merely filing an application with the PUCT. *Id.* at 3–4. At the hearing, SWEPCO represented that (1) NTEC received public notice via SWEPCO's request for proposal before the PUCT, *and* (2) on the same date SWEPCO filed with the PUCT, SWEPCO directly emailed NTEC's counsel the PUCT application regarding the acquisition of the Renewable Facilities. Docket No. 45 (Jan. 30, 2023 Hearing Tr.) at 46:10–47:10. Accordingly, NTEC's argument that a protective order precluded it from analyzing the information filed with the PUCT fails. *See* Docket No. 46 at 5. The R&R addressed and rejected NTEC's attempt to import additional obligations into section 6.02 of the PSA based on a plain reading—this includes NTEC's attempt to expand the meaning of "advise" and "plan." Docket No. 40 at 4.

The R&R similarly addressed and rejected NTEC's attempt to rely on the history of dealings between the parties to expand the meaning of the terms under Section 6.02. *Id.* NTEC also argues that the R&R wrongly emphasizes the fact that, in the past, SWEPCO gave NTEC a mere 11-day notice to consider whether to participate in a previous project. *See* Docket No. 46 at 6. NTEC argues that the previous project required a "fundamentally different" analysis than the projects currently at issue. *See id.* But even if the Court were to ignore this previous project, the Court is not persuaded by NTEC's explanation for the lack of more definite terms in the PSA. Docket No. 40 at 3–5.

Turning to NTEC's option to participate, NTEC again misreads the R&R. *See* Docket No. 46 at 6–7. After reconsideration of the record, including the evidence submitted by NTEC, the Court affirms that there is insufficient evidence currently on the record to allow resolution of the

interplay of the two contracts. *See* Docket No. 40 at 3. Further, the R&R reads: "SWEPCO raises a substantial question as to the current availability of the option to participate under Section 6.02 However, it is not necessary for the Court to resolve that issue at this time." *Id*. That is—while SWEPCO raised an issue about whether NTEC is even entitled to an option to participate under the PSA, the Court chose not to resolve that issue in the R&R as it is unnecessary to do so at this time.

## II.     Irreparable Harm and Balance of Hardships

Second, NTEC asserts that the R&R wrongfully fails to acknowledge that SWEPCO's regulatory approvals function as a condition precedent that can be waived by SWEPCO. Docket No. 46 at 7–8. Notably absent from NTEC's objections is any explanation of the irreparable harm NTEC would suffer without the institution of a preliminary injunction. Docket No. 40 at 4. Indeed, the R&R addresses NTEC's argument that a second regulatory hearing "might or might not" result in NTEC's PUCT approval. *Id*. As explained in the briefing, at the hearing, and identified in the R&R, SWEPCO set forth actual losses it would incur as a direct result from delayed proceedings related to SWEPCO's acquisition of the Renewable Facilities. Docket No. 40 at 5. The fact that SWEPCO can choose to incur losses on its own without the entry of an injunction is irrelevant.

## III.    Bond

Finally, NTEC asserts that the Court misrepresents the facts from the hearing as to the bond issue. Docket No. 46 at 8. At the hearing, the Court asked if NTEC can post a bond in the amount of $5 million. Docket No. 45 (Jan. 30, 2023 Hearing Tr.) at 38:24–39:1. NTEC responded in an equivocal manner, stating, "I believe that we could obtain a bond—and I've discussed a bond of, perhaps, half a million dollars or along those lines is something that we are prepared to do. Anything beyond that, I would have to seek assistance—input from a bonding company." *Id.* at 39:14–40:10. Immediately afterwards, NTEC's counsel stated:

> And, your Honor, largely, this is because we're not—we're not CenterPoint. You know, we are in a position where we represent the members—the local members in the rural community. *So we're not flushed with cash*. In fact, *what we try to do is return as much of our cash to our members as part of our—part of our mission*.

*Id*. at 40:11–17 (emphasis added). Taken together, NTEC's statements indicate that it would probably not be able to obtain a bond in the amount of $5 million. The R&R states: "The Court finds that the relief sought by NTEC would require a bond in the tens of millions, which the hearing indicated would not be possible." Docket No. 40 at 5. This finding by the Magistrate Judge is supported by the record.

### IV.  Conclusion

After conducting a *de novo* review of the briefing, accompanying exhibits, and hearing transcript, the Court agrees with the reasoning provided within the R&R and concludes that the objections fail to show that the R&R is legally or factually erroneous. Accordingly, the Court **OVERRULES** NTEC's Objections (Docket No. 46) and **ADOPTS** the Report and Recommendation (Docket No. 40). It is therefore **ORDERED** that NTEC's Emergency Motion for Preliminary and Permanent Injunction (Docket No. 13) is **DENIED**.

**So ORDERED and SIGNED this 3rd day of April, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE