IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NORTHEAST TEXAS ELECTRIC COOPERATIVE, INC., § § § | | |
| *Plaintiff,* § § | | |
| v. § § | Case No. 2:22-cv-00497-RWS-RSP | |
| SOUTHWESTERN ELECTRIC POWER COMPANY, § § § § | | |
| *Defendant.* § | | |

## MEMORANDUM ORDER

Before the Court is the Motion to Remove Case from Jury Docket filed by Defendant Southwestern Electric Power Company. **Dkt. No. 76.** For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

The pleadings and evidence show that NTEC is a not-for-profit electric generation and transmission cooperative that provides wholesale electricity to distribution cooperatives, which provide retail electric service to 24 Texas counties and two Louisiana parishes. NTEC serves its cooperative members by a combination of self-owned projects and wholesale power purchases. NTEC's second largest wholesale supplier of electricity is Defendant Southwestern Electric Power Company ("SWEPCO"). SWEPCO is a vertically-integrated electric utility that serves customers in three states and is subject to regulation by the Federal Energy Regulatory Commission and utility commissions in all three states—one of which is the Public Utility Commission of Texas ("PUCT").

Relevant to this Motion, and case, are several agreements between the parties. NTEC's Second Amended Complaint asserts that its "right to participate in Defendant's power generation projects and/or purchases of additional capacity" pursuant to "Rate Schedule 119," the "1980 Settlement," and the "1999 Settlement" is being denied by SWEPCO. Dkt. No. 70. SWEPCO, within its answer to the Second Amended Complaint and counterclaim assertions, discusses a "Rate Schedule 129" which SWEPCO asserts "impacts the operation of Rate Schedule 119." Dkt. No. 73.

## II. ANALYSIS

SWEPCO originally brought this motion on two grounds: that the jury demand was not properly made, and to the extent a jury demand was made "the parties agreed to waive a jury trial by contract." Dkt. No. 76. NTEC disputed SWEPCO's sufficiency argument and as an alternative attached a jury demand to the response. *See* Dkt. No. 84; Dkt. No. 84-1. In reply, SWEPCO "does not oppose NTEC's request for leave to file a jury demand." Dkt. No. 85.[1] Accordingly, the Court finds that the first matter asserted regarding sufficiency of the jury demand is moot. Remaining for consideration is the purported contractual jury waiver asserted by SWEPCO.

SWEPCO asserts that Rate Schedule 129 ("RS 129") contained a binding jury waiver between the parties. Dkt. No. 76 at 3 (referencing Dkt. No. 76-1 § 17.02 (RS 129, Procedures for Resolution of Disputes). Before considering to what extent RS 129's jury waiver provision would impact the other three agreements asserted in this action, the Court turns to NTEC's assertion that "SWEPCO has waived any right to enforce RS 129's jury-waiver provision by waiting fifteen months to raise the issue." Dkt. No. 84 at 9.

---

[1] This was clearly the correct result. *Daniel International Corp. v. Fischbach & Moore, Inc.* 916 F.2d 1061 (5th Cir. 1990).

2

NTEC relies on *Bank of N.Y. Mellon v. Riley* for the proposition that SWEPCO has waived its right to enforce the provision by "affirmatively moving to keep this case on the Court's jury docket." Dkt. No. 84 at 9 (citing Case No. 1:19-cv-00279, 2021 WL 2688615, at *2–3 (E.D. Tex. 2021) (Truncale, J.)). SWEPCO responds that timely filed counterclaims asserting the "affirmative claim for relief related to Rate Schedule 129 for the first time" demonstrate that the instant request to vacate the jury trial demand was diligently filed. Dkt. No. 85 at 1–2. SWEPCO contends that the earliest the issue of contractual jury waiver was known was November 17, 2023 since "NTEC's allegations changed significantly . . . when NTEC filed an amended complaint[.]" *Id.* at 2.

The Court finds that SWEPCO's significant delay in raising the jury waiver provision has resulted in a waiver of enforcement rights for said provision in this action. SWEPCO's assertion that the earliest the waiver argument could have been brought was the dispositive motion deadline is unpersuasive in view of repeated references to RS 129 earlier in this case. *See* Dkt. No. 19 at 7 (filed on 1/17/2024); Dkt. No. 26 at 2 (filed on 1/26/2024); Dkt. No. 26-1 (RS 129 as an attached exhibit). SWEPCO's excuse that the instant motion was timely filed does not mitigate the 14-month gap between reliance on RS 129 in briefing and the sudden awareness of the jury waiver provision two months prior to trial. Nor does SWEPCO's contention that NTEC could have asked for earlier deadlines for amended pleadings and dispositive motions lessen the prejudice of delaying enforcement of the jury waiver. While the instant motion may have been timely filed, the issue of jury waiver could have, and should have, been raised much earlier.

The Court further finds that SWEPCO took affirmative actions inconsistent with enforcement of the contractual jury waiver provision. This delay is highlighted by several joint submissions of docket control orders which expressly demonstrate that a jury trial was anticipated by the relevant deadlines. *See* Dkt. Nos. 17, 55, 65. Defendant was, at all times, in the best position

to raise the issue of jury waiver while the Docket Control Orders were jointly conferred, filed, and then ordered. *See Bank of New York Mellon v. Riley*, 2021 WL 2688615, at *2 (E.D. Tex. 2021) (Truncale, J.) (finding that filing proposed and amended scheduling orders demonstrated affirmative acts inconsistent with waiving a jury trial); *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 300 (5th Cir. 2005).

Accordingly, the Court finds that SWEPCO failed to timely raise the jury waiver provision and has waived the right to enforce that provision at this stage of the case. Having found that SWEPCO has waived enforcement, the Court does not reach the issue regarding the extent to which RS 129 is connected to the other asserted contracts.

### III.  CONCLUSION

Accordingly, SWEPCO's Motion to Remove Case from Jury Docket (Dkt. No. 76) is **DENIED**.

**SIGNED this 25th day of April, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE